NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHEYENNE SIMONS, | : | |
| | : | |
| Petitioner, | : | Civil No. 11-5561 (JBS) |
| | : | |
| v. | : | |
| | : | |
| WARDEN SHARTLE, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Cheyenne Simons, Pro Se
#64492-053
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Elizabeth Ann Pascal
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE**, Chief Judge

    Petitioner Cheyenne Simons, currently confined at the Federal Correctional Institution at Fairton, New Jersey, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondent answered the petition. For the following reasons, the petition must be denied.

## BACKGROUND

Petitioner seeks a writ of habeas corpus to determine the legality of his detention (Petition, Docket Item 1 at p. 1). He alleges that the Bureau of Prisons ("BOP") miscalculated the amount of credit that should be applied to his federal sentence (*Id.*).

According to the record provided by Respondent and Petitioner's petition, Mr. Simons was arrested in New York on state charges on January 12, 2007 (Respondent's Attachment 1 at 16-17). On March 3, 2007, Petitioner bonded out of state custody (Respondent's Attachment 2, Jail Time Certification). On August 6, 2007, Petitioner was sentenced in New York state court to a two-year term of imprisonment (*Id.* at ¶ 4). He remained in city custody until he moved to state custody on August 16, 2007 (*Id.*).

On December 26, 2007, Petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus (*Id.* at ¶ 5 and Respondent's Attachment 3). On March 27, 2009, he was sentenced in the United States District Court for the Eastern District of New York to a twelve year term of imprisonment. The federal sentencing judgment does not indicate that the federal sentencing court ordered the sentence to run concurrently with any other sentence (Respondent's Attachment 4). On May 4, 2009, Petitioner returned to state custody with a federal detainer lodged against him for his future federal sentence (Respondent's Attachment 3).

On June 11, 2009, Petitioner was paroled from New York state custody to federal custody (Respondent's Attachments 2, 3). His federal sentenced commenced on June 11, 2009, the date he was taken into federal custody (Respondent's Attachments 3, 5). One day of credit was awarded Petitioner-- the day of his state arrest-- because that day hadn't been credited to his state sentence (Respondent's Attachments 2, 6). His projected release date is November 23, 2019 (Respondent's Attachment 6).

Petitioner argues that he spent time in the federal prison system which was ultimately not credited to either his New York or federal sentences.

**DISCUSSION**

**A. Jurisdiction**

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is

3

filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng*, 490 U.S. at 490–91).

This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner challenges the computation of his federal sentence, and he was incarcerated in New Jersey at the time he filed the petition. *See Blood v. Bledsoe*, 648 F.3d 203 (3d Cir. 2011); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242–44 (3d Cir. 2005).

**B.** **The Petition is Without Merit**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, *see United States v. Wilson*, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, *see* 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

4

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(a), (b) (emphasis added).

Thus, "[i]n calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Blood*, 648 F.3d at 207. As to the second part regarding award of credit, the Supreme Court emphasized that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'" *Wilson*, 503 U.S. at 333. Similarly, the Court of Appeals for the Third Circuit ruled that § 3585(b) does not permit the BOP to grant credit against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial. *See Rios v. Wiley*, 201 F.3d 257, 272, 274 (3d Cir. 2000), *abrogated in part on other grounds by statute* ("[A]s the BOP correctly argues, the law

5

on this point is clear: a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner"); *see also Harris v. Zickefoose*, 2013 WL 227549, *2 (3d Cir. Jan. 22, 2013); *Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002), *superseded on other grounds by* U.S.S.G. § 5G1.3(c) cmt. n. 3(E) (2003) (an *ad prosequendum* writ does not serve to transfer custody to federal authorities); BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosequendum* writs do not effect a transfer to federal custody). *See also, generally, United States v. Vega*, 493 F.3d 310, 314 (3d Cir. 2007).

Upon review of the record in this case, this Court finds that Petitioner has not shown that he is entitled to habeas relief. The Government has shown that New York state awarded credit to Petitioner against his state sentence, including the time Petitioner spent in city custody. Petitioner's request for federal credit for the time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* is denied. (Pet., Docket Item 1 at p. 5). As noted in the above case law, Petitioner is mistaken as to the law. While under the writ, Petitioner was not in primary federal custody. Further, the record confirms that time served by Petitioner from August 16, 2007 until his parole release on June 11, 2009 was credited

to his state sentence.  Petitioner cannot receive double credit for that time.

Additionally, as the federal sentencing judge was aware of the New York state sentence which Petitioner was serving at the time of the federal sentencing, and was silent as to that state sentence, the BOP properly calculated the federal sentence to run consecutively to the state sentence.  *See* 18 U.S.C. § 3584(a), (b); BOP Program Statement 5160.05 (addressing *nunc pro tunc* designations).

Thus, the BOP properly calculated Petitioner's prior custody credit under 18 U.S.C. § 3585(b) and habeas relief is not warranted.

## CONCLUSION

For the reasons set forth above, this Court finds that the BOP has correctly computed Petitioner's federal sentence and has awarded all presentence custody credit to which Petitioner is entitled under 18 U.S.C. § 3585(b). Therefore, this habeas petition will be denied with prejudice for lack of merit. An appropriate order follows.

    **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated:    **February 6, 2014**